6815

## BOWEN v. TRUE.

1. Partition.—Return of appraisers in partition confirmed as not grossly inadequate nor as indicating partiality or unfairness, and as sustained by preponderance of evidence as to the number of acres.
2. Costs.—Requiring those excepting to return of appraisers to pay costs incident thereto, affirmed.

Before Memminger, J., Kershaw, February, 1907. Affirmed.

Exceptions to return of appraisers in Anderson H. Bowen against Sarah A. True *et al.* From Circuit order confirming return, defendants, Sarah A. True, Charles Team, Thurston True, Julia Broom, Mattie Broom, Roxie Broom and Pearl Eskew, appeal.

*Mr. A. L. Gaston,* for appellants, cites: *Mrs. True can not take land at higher bid, as land is not to be sold:* 10 Rich., 328.

*Messrs. Kirkland & Smith,* contra, cite: *What appellants must show to have appraisement set aside:* Rich. Eq., 180; 24 S. C., 208; 75 S. C., 369.

March 20, 1908. The opinion of the Court was delivered by

Mr. Justice Jones. This is an appeal from an order of the Circuit Court (Judge Memminger presiding) confirming the appraisement of commissioners appointed by the Court to value the lands devised by John A. Bowen to plaintiff for the use and benefit of himself and children, the will providing that the same be first valued by three disinterested men who are good judges, and that plaintiff pay to his sister, Sarah A. Bowen, one of the defendants, one-half of the valuation in full settlement of her share of said plantation for the use and benefit of herself and children.

The rights of the parties were settled in the former appeal, 74 S. C., 486, and the facts are fully stated therein.

Judge Gage, in his decree, held that the action was practically an action for partition, and he ordered the appointment of three appraisers and directed them to go upon the premises, examine the same, appraise the value thereof and file their report with the clerk of the Court. In pursuance of this order, plaintiff named Joseph Simpson as one of the board of appraisers, the defendants named J. J. Bell and the clerk of the Court designated W. T. Jeffers as the third member. Two members of said board of appraisers, Joseph Simpson and W. T. Jeffers, made a majority return valuing the real estate of John A. Bowen at $4.00 per acre. The other appraiser, J. J. Bell, filed a minority return in which he valued the land at $8.00 per acre. The majority return was confirmed by the Circuit Court (Judge Memminger) and defendants appeal.

Appellants contend that the valuation of $4.00 per acre made by a majority of the appraisers is grossly inadequate, against the preponderance of testimony and indicates partiality and unfairness. We have carefully considered all the testimony in the case and we can not say that the preponderance of the testimony is against the finding of the Circuit Court, or that there is sufficient testimony that the appraisers were biased in their judgment or prejudiced against the rights of the defendants. Two recent decisions of this Court, *Aldrich* v. *Aldrich*, 75 S. C., 369, and *Allen* v. *Allen*, 76 S. C., 494, hold that the return of the commissioners in partition can not be set aside unless the valuation was so grossly incorrect and unequal as to justify an inference that the commissioners acted from an unfair and improper motive, or there must be a secured bid or offer to pay a higher price made by a party in interest. This being practically a suit for partition, the principle of the cases cited above is controlling, but if it should be treated as in the nature of an award of arbitrators the same principle

would be enforced as in *Greenville* v. *Spartanburg,* 62 S. C., 105, 40 S. E. 147.

It is next contended that the return of the appraisers should have been set aside as uncertain and indefinite because no survey of the land had been ordered or made. On this point we concur with Judge Memminger, who held that "the testimony as to the possibility or probability of there being more than seven hundred acres in the tract is very meagre—mere uncertain hearsay; while on the other hand, there is positive evidence of the tax books fixing it at seven hundred acres, the deed describing it at that number of acres and the witnesses and appraisers referring to it and treating it confidently as such. Read in connection with the testimony, therefore, the appraisement fixes the value of the plantation at $2,800."

From the foregoing conclusions it must follow that there was no error in directing that Sarah A. True receive $1,400, with interest, in full satisfaction of her share of the estate, for by the terms of the will she was to receive one-half of the land, as valued by the appraisers.

We see no reason for disturbing the order of Judge Memminger, that the defendants excepting pay the costs incident to the hearing of the exceptions before him.

Costs in equity are within the discretion of the Judge and will not ordinarily be disturbed by this Court.

The exceptions are overruled and the judgment of the Circuit Court is affirmed.